W. Zev Abramson, Esq. #289387
Nissim M. Levin, Esq. #306376
Christina Begakis, Esq. #316779
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.,
Burbank, CA 91506
Tel: (213) 493-6300
Fax: (213) 336-3704
wza@abramsonlabor.com
nissim@abramsonlabor.com
christina@abramsonlabor.com

Attorneys for Plaintiff,
CECILIA MACEDO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MACEDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOLGEN CALIFORNIA, LLC, a Limited Liability Company; DG STRATEGIC VII, LLC, a Limited Liability Company; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.: 1:23-CV-00840-ADA-CDB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL**<br><br>Date: May 5, 2025<br>Time: 1:30 p.m.<br>Dept.: 6 |

**TO THE HONORABLE COURT, ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff CECILIA MACEDO hereby submits this Opposition to Defendant DOLGEN CALIFORNIA, LLC's Motion for Sanctions. Plaintiff's Opposition is

based on the following memorandum of points and authorities, documents, court filings, and such oral testimony that may be argued before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants needlessly bring this Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority on the misguided argument that Plaintiff's Motion for Remand was somehow improperly filed. Defendants contend that it is sanctionable conduct that Plaintiff argued for remand in July 2023 and then send a settlement communication in October 2024 that exceeded $75,000. Plaintiff's position in its Motion to Remand was simply that Defendants failed to show by the preponderance of evidence that the amount in controversy exceeded $75,000, as was their burden in removing this matter to federal court. That Plaintiff may have sent a settlement communication more than a year later does not change the fact that Defendants did not meet their burden at the time of removal, and the reasonable filing of one motion by Plaintiff cannot be grounds for sanctions either under § 1927 or via the Court's inherent power to sanction parties.

Further, Defendants' request for sanctions is both procedurally deficient and inflated, indicating bad faith on Defendants' part.

**II.    PROCEDURAL AND FACTUAL BACKGROUND**

On March 27, 2023, Plaintiff filed a complaint against Defendants DOLGEN CALIFORNIA, LLC (hereinafter, "DOLGEN") and DG STRATEGIC VII LLC ("DG STRATEGIC")(collectively, Defendants), in the Superior Court for the County of Kern, Case No. BCV-23-100938, alleging the following causes of action: (1) Pregnancy Discrimination; (2) Failure to Prevent Pregnancy Discrimination; (3) Retaliation in Violation of Fair Employment and Housing Act; (4) Failure to Accommodate; (5) Failure to Engage in the Good Faith Interactive Process; (6) Retaliation for Use of Sick Leave; (7) Retaliation in Violation of

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

Labor Code §98.6 (8) Retaliation in Violation of California Family Rights Act; (9) Violation of California Family Rights Act; (10) Failure to Provide Meal and Rest Periods; (11) Failure to Reimburse for Work Related Expenses; and (12) Wrongful Termination in Violation of Public Policy.

On June 1, 2023, Defendants removed this matter to federal court based on diversity jurisdiction. (Dkt. 1.) Defendants' argument was based on both of their citizenships being in Tennessee, and that the amount in controversy exceeded $75,000. (Id.)

On July 3, 2023, Plaintiff filed a Motion to Remand. (Dkt. 3.) Plaintiff argued that Defendants had failed to provide the requisite proof to establish that the amount in controversy exceeded $75,000. That motion was originally set to be heard on August 13, 2023. (Id.)

Since that time, for reasons outside the Parties' control, the issue of whether this matter will be remanded to state court has not been decided. A hearing on the Motion to Remand has been continued a number of times by the Court on its own order[1], and is currently set to be heard on May 9, 2025.

## III.    LEGAL ARGUMENT

### A.    Standard for Section 1927 Sanctions

28 U.S.C. § 1927 sanctions are only to be imposed in cases where proceedings are multiplied "unreasonably and vexatiously" and then only to the extent "excess costs, expenses, and attorneys' fees [were] reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because [§ 1927] authorizes sanctions only for the 'multiplication of proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun . . . § 1927 cannot be applied to an initial pleading." (*In re Keegan Mgmt. Co. Sec. Litig.* (9th Cir. 1996).78 F.3d 431, 435.)

---

[1] See, e.g. Dkts. 4, 7, 9, 11, 12.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

Before they can be imposed, § 1927 sanctions "must be supported by a finding of subjective bad faith." (*Pacific Harbor Capitol, Inc. v. Carnival Air Lines, Inc*. (9th Cir. 2000) 210 F.3d 1112, 1117.) A finding of subjective bad faith is "crucial," as a frivolous argument by itself is insufficient to support an award of sanctions under § 1927. (*Estate of Blas Through Chargualaf v. Winkler* (9th Cir. 1986) 792 F.2d 858, 860 [declining to award attorneys' fees under § 1927 when the plaintiff's arguments were not frivolous and, even if they had been frivolous, it was not shown that they were made in bad faith]. Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." (*Id*.)

The district court's authority to sanction attorneys under § 1927 . . . must be exercised with restraint and discretion." (*Lahiri v. Universal Music and Video* (9th Cir. 2010) 606 F.3d 1216, 1223.)

**B.      Plaintiff Did Not Engage in Any Bad Faith in Filing a Motion to Remand**

Defendants' argument in favor of sanctions is that Plaintiff is "frivolously represent[ing]" to the Court that this matter falls below the $75,000 minimum amount in controversy for federal jurisdiction. However, Defendants' arguments as to what is sanctionable conduct seem to shift multiple times – whether it was the filing of the Motion to Remand, or whether it was the failure to withdraw the Motion. This shifting rationale for sanctions indicates that Defendants are grasping at straws, knowing that Plaintiff making the argument for remand is nowhere near the level of bad faith required for the relief sought.

Plaintiff made the arguments available to her at the time of removal. Specifically, that *Defendant failed to meet its burden of proof regarding the amount in controversy* in their removal papers as is required. Defendants apparently saw something strategically advantageous about removing this matter to

4
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFF AND HER COUNSEL

federal court, and Plaintiff is well within her rights to take the opposite position for whatever reason she chooses. In seeking to remand this matter, Plaintiff conceded on the issue of diversity of citizenship, which in itself shows that Plaintiff was not acting in bad faith seeking to remand.

A reading of Plaintiff's Motion to Remand shows that Plaintiff employed a common strategy used in almost every matter that is litigated – arguing that the moving party did not carry the required burden of proof. As Plaintiff argued in her Motion to Remand, her position is that **Defendants did not meet the burden of proof to establish the amount in controversy**. The removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the threshold amount of $75,000. (*Canela v. Costco Wholesale Corp.* (9th Cir. 2020) 971 F.3d 845, 849 (citation omitted).) While "[a] defendant need not make the plaintiff's case for it or prove the amount in controversy beyond a legal certainty[,]" (*Harris v. KM Indus., Inc.* (9th Cir. 2020), 980 F.3d 694, 701), **a defendant may not establish federal jurisdiction "by mere speculation and conjecture, with unreasonable assumptions**." (*Ibarra v. Manheim Invs., Inc.* (9th Cir. 2015) 775 F.3d 1193, 1197.) Further, where a defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." (*Id*. at 1199.)

That Plaintiff's argument may ultimately be rejected by the Court does not mean it was made in bad faith. Plaintiff was making an argument available to her and believes in good faith that Defendants did not meet their burden to have this matter removed because Defendants relied on mere speculation to satisfy its burden of proof which is insufficient. Plaintiff's counsel was acting as a zealous advocate for Plaintiff. Because it is punitive, § 1927 is strictly construed so the "legitimate zeal" of an attorney in representing the client is not dampened.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

(*Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.* (5th Cir. 2014). 739 F.3d 848, 872.) The language "unreasonably and vexatiously" is in the conjunctive, and any sanction must be predicated on actions that are both "unreasonable" and "vexatious." (*Edwards v. General Motors Corp.* (5th Cir. 1998) 153 F.3d 242, 246.)

The plain text of § 1927 states that it shall apply to a party who so "multiplies the proceedings" in "unreasonably and vexatiously" way. The conduct at issue concerns **one motion** in a case that has barely moved past the pleadings stage. Even assuming Defendants' arguments are true, the § 1927 sanctions were clearly never indicated for a one-time action by the parties, and none of the case law offered by Defendants supports this position. A review of the pertinent case law in which the punitive measures of § 1927 were applied shows that courts regularly only issue sanctions due to repeated bad faith conduct by an attorney or party. (See, e.g. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.* (9th Cir. 2000 210 F.3d 1112, 1118) [an attorney misrepresented another concurrent action; advised his client that he could violate a TRO, and made bad faith arguments at a contempt hearing].) The Court can also look to Defendants' motion for other examples of this, such as *B.K.B. v. Maui Police Dep't* (9th Cir. 2002). 276 F.3d 1091, 1107–08, which involved multiple instances of an attorney attempting to re-introduce arguments that had been previously rejected by the court. (See, also, *Rady Children's Hosp. v. SEIU, Local 2028* (S.D. Cal. May 5, 2008) 2008 WL 5712653, at *5 [counsel sanctioned for refiling claims in an amended complaint that the court had previously dismissed].)

Cases cited by Defendants in the Motion are all distinguishable from the current situation. Defendants cannot point to any case law involving a similar set of facts wherein a plaintiff was sanctioned for arguing that a defendant had not proved by a preponderance of evidence that the amount of controversy had been

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

met. Presumably, if such case law existed, Defendants would have cited to it. The closest analogous situation cited by Defendants' is *Hummel v. Smith* (W.D. Wash. Oct. 22, 2009) 2009 WL 3423034, *2-3, however, in that situation, the plaintiff argued for remand even though she was asserting a federal claim in her complaint (Title VII). That is obviously not the case here, where all of Plaintiff's causes of action are rooted in state law, and the basis of the motion at issue is based on the amount in controversy.

### C.     Plaintiff's Settlement Demand Is Not Determinative of What Occurred at the Time the Motion to Remand Was Filed

A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a "bold optimistic prediction." (*Molina v. Lexmark Intern., Inc.* (C.D.Cal. Sept.30, 2008) No. CV 08–04796 MMM (FMx), 2008 WL 4447678, *4 (*quoting Surber v. Reliance Nat'l Indem. Co.* (N.D.Cal.2000) 110 F.Supp.2d 1227, 1232).)

Plaintiff's counsel made an optimistic offer of settlement with the expectation that such a number would have to be reduced due to the nature of how settlement discussions work. The necessary formalities that parties go through in the settlement process may not seem logical, however, it is a simple truth that a plaintiff seeking to obtain a certain settlement must make an opening offer well above that number. A defendant will typically reflexively respond with a number on the opposite end of the monetary spectrum no matter what the opening settlement offer is, necessitating that someone in Plaintiff's position must make what is often a very "optimistic" opening settlement demand.

In other words, to act in the best interest of its client and to achieve the ultimate result the client desires, an offer such as the one made by Plaintiff's counsel in October 2024 is necessary. An attorney has an obligation to diligently represent the interests of a client. (Cal. Rules of Prof. Conduct 1.3; *Kotlar v.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

*Hartford Fire Ins. Co.* (2000) 83 Cal. App. 4th 1116, 1123 ("an attorney must represent his or her clients zealously within the bounds of law.")

D.     **The Sanctions Request Made by Defendants is Not Allowed Under Section 1927**

Defendants' Motion for Sanctions requests sanctions "against Plaintiff Cecilia Macedo ("Plaintiff") and her counsel of record, Abramson Labor Group (including, without limitation, W. Zev Abramson, Esq. and Christina Begakis, Esq.), jointly and severally." (Dkt. 16, p. iii.) Such an award is not permitted under § 1927 and the case law examining it.

The statutory language of § 1927 authorizes sanctions against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory." Defendants offers no explanation or authority for why Plaintiff herself would ever be subject to sanctions under § 1927 or the Court's inherent authority. It is well-settled law of the Ninth Circuit that a party itself may not be held liable under § 1927. (*Kaass Law v. Wells Fargo Bank*, 799 F.3d 1290, 1293 (9th Cir. 2015); citing *Federal Trade Commission v. Alaska Land Leasing, Inc.* (9th Cir. 1986)799 F.2d 507, 510.) Therefore, Defendants' request for sanctions is invalid and should be denied in its entirety.

E.     **Defendants' Request for Sanctions Is Inflated, Showing That the Request Itself Was Made in Bad Faith**

Defendants seek a total of $20,635.00 in sanctions, an amount that is clearly excessive. This amount, and the calculations used to arrive at such an amount are both dubious. Defendants state that they spent **nine hours** on their Motion for Sanctions. With respect to Defendants, the Motion presented was very straightforward and lacking in complexity. It was a total of six pages of points and authorities and was not filled with overly complex legal research. Defendants seek $4,235.00 for time spent on the Motion for Sanctions by Rachel Kermani, *a*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFF AND HER COUNSEL

*second-year associate* who Defendants asserts has a highly inflated billing rate of $605.00 per hour. This was in addition to Mr. Andrew Russell allegedly spending two hours on the Motion and anticipating another three hours of time on any remaining work, at $1,060.00 per hour.

These numbers are clearly inflated, both in the amount of time allegedly spent on the Motion for Sanctions, as well as the hourly rates. An "attorney's declaration regarding the reasonableness of his or her own rate, standing alone, is insufficient to meet the fee applicant's burden." (*Cf. Wren v. RGIS Inventory Specialists* (N.D. Cal. Apr. 1, 2011) 2011 WL 1230826, at *18.) Further, the Court has discretion to determine "the number of hours reasonably expended in furtherance of the ... litigation and the amount which would reasonably compensate the attorney." (*Chalmers v. City of L.A.* (9th Cir. 1986) 796 F.2d 1205, 1211.) The fee applicant bears the burden of "documenting the appropriate hours expended" in the litigation and therefore must "submit evidence supporting the hours worked." (*Hensley v. Eckerhart* (1983) 461 U.S. 424, 433.) "Those hours may be reduced by the court where the documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." (*Chalmers*, 796 F.2d at 1210; *Hensley*, 461 U.S. at 434 (a district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary.").

Plaintiff asserts that the excessive billing rates and hours allegedly incurred by Defendants is indicative of bringing this Motion in bad faith for punitive reasons rather than legitimate ones.

Defendants offer no legal authority that they could somehow theoretically recover their (inflated) fees incurred for both having to oppose Plaintiff's Motion to Remand, as well as for drafting the instant motion. Defendants' discussion of

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

what communications might have occurred between counsel and the timeline of those events is irrelevant.

### F. Defendants Should be Sanctioned for Bringing a Frivolous Motion for Improper Purposes

As shown above, Defendants' motion is frivolous, which warrants sanctions under Section 1927 or this Court's inherent authority. A finding that a motion was intentionally filed for an improper purpose - such as a vindictive desire to harass or delay - is adequate under both standards. (*Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 992.) But the easier standard of recklessly raising a frivolous argument is only sanctionable under Section 1927, id. at 993--so long as there is also a finding that the proceedings were wastefully "multiplie[d]." (28 U.S.C. § 1927.)

Defendants' request for sanctions was clearly not made in good faith, as evidenced by the fact that 1) contrary to long-standing Ninth Circuit precedent, they sought sanctions against Plaintiff individually, and 2) they vastly overinflated the billing rate and hours incurred. Whatever the motivation behind Defendants' decision to seek sanctions, it was not proper, and it has caused Plaintiff to have to incur fees and costs in opposing this Motion.

Defendants' haste in bringing the Motion for Sanctions is also evidence of bad faith and improper motives. On March 11, 2025, counsel for Defendants sent an email to Plaintiff threatening to bring this Motion and stated that Plaintiff had until the end of the following day to respond. (Declaration of Christina Begakis ("Begakis Decl.") ¶ 3.) Plaintiff responded with her legal position as to the Motion to Remand, as well as the possibility of sanctions. (Begakis Decl. ¶ 4, Exhibit 1.) Despite this, Defendants still moved forward with the Motion.

Thus, the Court should sanction Defendants' attorney Andrew W. Russell and award Plaintiff her attorneys' fees incurred in preparing this opposition.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL

Plaintiff therefore respectfully requests an award of sanctions in the amount of $3,900.00 in sanctions against Andrew W. Russell, Esq. of McGuire Woods, LLP for the time incurred by Plaintiff in opposing Defendants' frivolous motion. (Begakis Decl. ¶¶ 5-11.)

## IV.    CONCLUSION

As described above, Plaintiff filed her motion to remand this matter in good faith based on Defendant's failure to meet its burden of proof regarding the amount in controversy in its removal papers.  Plaintiff should not be punished for refusing to withdraw a motion made in good faith due to any delays with the hearing of the motion beyond her control.

Based on the aforementioned reasoning, Plaintiff respectfully requests that this Court deny Defendants' Motion for Sanctions in full and issue sanctions against Defendants' counsel.

DATED: April 2, 2025                                    **ABRAMSON LABOR GROUP**

By: _____
Christina Begakis, Esq.
Attorney for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL