W. Zev Abramson, Esq. #289387
Nissim M. Levin, Esq. #306376
Christina Begakis, Esq. #316779
**ABRAMSON LABOR GROUP**
1700 W. Burbank Blvd.,
Burbank, CA 91506
Tel: (213) 493-6300
Fax: (213) 336-3704
wza@abramsonlabor.com
nissim@abramsonlabor.com
christina@abramsonlabor.com

Attorneys for Plaintiff,
CECILIA MACEDO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MACEDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DOLGEN CALIFORNIA, LLC, a Limited Liability Company; DG STRATEGIC VII, LLC, a Limited Liability Company; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.: 1:23-CV-00840-ADA-CDB<br><br>**DECLARATION OF CHRISTINA BEGAKIS, ESQ. IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL**<br><br>Date: May 5, 2025<br>Time: 1:30 p.m.<br>Dept.: 6 |

1

DECLARATION OF CHRISTINA BEGAKIS, ESQ.

**<u>DECLARATION OF CHRISTINA BEGAKIS</u>**

I, Christina Begakis, declare as follows:

1.      I am an attorney at the Abramson Labor Group which is counsel of record for Plaintiff CECILIA MACEDO. I am fully licensed to practice law in the State of California.

2.      The facts contained in this declaration are true to my personal knowledge except where otherwise specified, in which case I am informed and believe and thereon allege such facts to be true.

3.      On March 11, 2025, Counsel for Defendants, Andrew W. Russell sent me an e-mail stating Defendants intended to file a motion for sanctions if I did not agree to withdraw Plaintiff's motion for remand by close of business the following day.

4.      That same day, I sent a meet and confer letter outlining Plaintiff's position to oppose Defendant's motion for sanctions. Specifically, that Plaintiff's motion to remand filed in July 2023 was filed in good faith based on Plaintiff's belief that Defendant failed to meet its burden of proof regarding the amount in controversy in their removal papers. Attached as Exhibit 1 is a true and correct copy of Plaintiff's meet and confer correspondence dated March 11, 2025.

5.      As the primary attorney and partner assigned to this matter, I have been responsible for maintaining and reviewing the billing records for this matter.

6.      I started at Abramson Labor Group (ALG) in the pre-litigation department in 2017. By 2019, I was managing the litigation department on behalf of the firm, and in December 2022, I was promoted to Partner. Prior to joining Abramson Labor Group, I served as a clerk for the Los Angeles DA's office in the Hardcore Gang Division and volunteered at the Northern California Innocence Project.

7.      In 2019, I served as the second chair trial counsel on *Randall Benart*

2
DECLARATION OF CHRISTINA BEGAKIS, ESQ.

*v. DA Defense Logistics, LLC*, which earned the amount of $1,749,465.34, and was the top 21st verdict in employment and civil rights matters in California. I have extensive trial and motion writing experience and have successfully conducted arbitrations as a first chair attorney.

8.   Based on that experience, my understanding is that my billing rate of $650 per hour, as a Partner managing the litigation department, is within the normal range of billing rates for employment attorneys in Southern California

9.   I spent 4 hours working on Plaintiff's Opposition to Defendants' Motion for Sanctions. Based on my standard billing rate of $650 per hour, Plaintiff has incurred $2600.00 in attorney's fees in drafting this Opposition.

10.   In addition to the work I have performed so far in opposing the Motion for Sanctions, I anticipate that my associates and I will spend an additional 2 hours reviewing Defendants' reply and attending any hearing related to this matter. Thus, I anticipate Plaintiff incurring an additional $1,300.00 in attorney's fees.

11.   Based on the above, Plaintiff respectfully requests an award of sanctions in the amount of $3,900.00 in sanctions against Andrew W. Russell, Esq. of McGuire Woods, LLP for the time incurred by Plaintiff in opposing Defendants' frivolous motion.

I certify under penalty of perjury in the State of California that the foregoing is true and correct.

DATED: April 2, 2025

By: _____

Christina Begakis, Declarant

3

DECLARATION OF CHRISTINA BEGAKIS, ESQ.

# EXHIBIT 1



1700 W. Burbank Blvd.
Burbank, California 91506

t | 213.493.6300
f | 213.336.3704

christina@abramsonlabor.com
www.abramsonlaborgroup.com

March 11, 2025

<u>VIA E-MAIL</u>
Andrew W. Russell, Esq.
Rachel Kermani, Esq.
**McGuireWoods LLP**
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
arussell@mcguirewoods.com
rkermani@mcguirewoods.com

       Re:    *Cecilia Macedo v. Dolgen California, LLC, et al.*

Dear Counsel:

Please allow this correspondence to serve as a meet and confer in response to your email of March 11, 2025 wherein you indicated that Defendant would seek sanctions against Plaintiff if her Motion to Remand was not withdrawn.

We disagree with your argument that because Plaintiff subsequently sent a settlement demand letter in excess of $75,000 that Plaintiff has conceded that this matter should remain in federal court. Plaintiff argued in its Motion that **Defendant had failed to submit the required evidence** and arguments to establish that the amount in controversy exceeded $75,000 **at the time of removal** on June 1, 2023.

In such a situation, the *removing* [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the threshold amount of $75,000. (*Canela v. Costco Wholesale Corp.* (9th Cir. 2020) 971 F.3d 845, 849 (citation omitted).) While "[a] defendant need not make the plaintiff's case for it or prove the amount in controversy beyond a legal certainty[,]" (*Harris v. KM Indus., Inc.* (9th Cir. 2020), 980 F.3d 694, 701), a defendant may not establish federal jurisdiction "by mere speculation and conjecture, with unreasonable assumptions." (*Ibarra v. Manheim Invs., Inc. (*9th Cir. 2015) 775 F.3d 1193, 1197.) Further, where a defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, "those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." (*Id.* at 1199.)

Plaintiff stands on her argument that Defendant failed to meet the required burden of proving the amount in controversy exceeded $75,000 at the time this matter was removed to federal court in June 2023. That Plaintiff may have sent a settlement demand *sixteen months after the date of removal* does not change what was argued and stated at the time of removal in Defendant's Notice of Removal.

As to the threat of sanctions: Courts do not treat Rule 11 motions lightly, and Defendant will be unable to meet the burden of proving that Plaintiff's Motion was somehow "frivolous." The party moving for Rule 11 sanctions bears the burden of proof and persuasion. (See *Tom Growney Equip., Inc.*

**ALG ABRAMSON LABOR GROUP**

*v. Shelley Irr. Dev., Inc.* (9th Cir. 1987) 834 F.2d 833, 837.) Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. (*Greenberg v. Sala* (9th Cir. 1987) 822 F. 2d 882, 887.) Because of the potentially chilling effect on innovative lawyering, sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." (*Operating Engineers Pension Trust v. A-C Co.* (9th Cir. 1988). 859 F. 2d 1336, 1344.) Rule 11 motions " 'should not be made or threatened for minor, inconsequential violations ...' If an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation or to test the legal sufficiency of the allegations." (Schwarzer § 17:68 (citing Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 FRD 401, 590 (1993).)

Therefore, Plaintiff intends on moving forward with her valid Motion to Remand based on the absence of evidence relied on by Defendant in its removal papers at the time the removal was filed and will oppose any request for sanctions by your office.

Sincerely,

Christina Begakis, Esq.
**ABRAMSON LABOR GROUP**