UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA MACEDO, | Case No. 1:23-cv-00840-KES-CDB |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE |
| v. | |
| DOLGEN CALIFORNIA, LLC, *et al.*, | |
| Defendants. | (Doc. 30) |

Plaintiff Cecilia Macedo ("Plaintiff") initiated this action with the filing of a complaint in state court on March 27, 2023, before Defendants Dolgen California, LLC and DG Strategic VII, LLC ("Defendants") removed the action to this Court on June 1, 2023. (Doc. 1). Following the Court's denial of Plaintiff's motion to remand (*see* Doc. 22), on September 9, 2025, the parties convened for scheduling conference, after which the Court entered a scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here, the non-expert discovery deadline of April 10, 2026. (Doc. 25). The scheduling order admonished the parties that "[n]o motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend." *Id.* at 4 (emphasis added).

Pending before the Court is Plaintiff's motion to reopen discovery for a limited period, filed on May 5, 2026. (Doc. 30). Plaintiff requests the Court modify the scheduling order and

reopen non-expert discovery for 45 days for the limited purpose of taking three depositions. *Id.* at 2. Counsel for Plaintiff contends that, notwithstanding her oversight in inadvertently failing to calendar the deadlines of the scheduling order, Plaintiff "worked diligently to conduct discovery in this matter." (Doc. 30-1 at 3); (Doc. 30-2, Declaration of Christina Begakis ("Begakis Decl.") ¶¶ 9, 10). Counsel declares that on September 23, 2025, Plaintiff served a notice of deposition for Defendants' person most knowledgeable (presumably, a reference to Defendants' representative pursuant to Fed. R. Civ. P. 30(b)(6)) initially set for February 3, 2026. After Defendants did not provide alternative dates as requested but instead served an objection to Plaintiff's "unilateral" deposition notice on January 26, 2026, Plaintiff thereafter requested alternative dates multiple times from counsel for Defendants. Begakis Decl. ¶¶ 11-13. After counsel for Defendants was unable to offer alternative dates, Plaintiff unilaterally noticed the deposition "once again." *Id.* ¶ 13. Counsel for Plaintiff represents that after a series of meet and confer efforts, counsel for Defendants advised on April 13, 2026, that they would be willing to proceed with the Rule 30(b)(6) deposition noticed for May 15, 2026, but were unwilling to stipulate to continue the non-expert discovery deadline to permit Plaintiff to take two additional depositions of third-party witnesses Plaintiff expressed a desire to depose: Defendants' former human resources representative, Ashley Esparza, and warehouse manager, Martin Sanchez. *Id.* ¶¶ 16-19. Plaintiff therefore seeks to reopen non-expert discovery for 45 days to take the depositions of Defendants' Rule 30(b)(6) witness, Ms. Esparza, and Mr. Sanchez. (Doc. 30-1 at 4).

Although Defendants have not yet filed a response to Plaintiff's motion, the Court deems one unnecessary to address the motion.

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly

2

disregarded by counsel without peril." *Id*. (quotation and citation omitted).  Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.*  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Plaintiff's representations that she has been "diligent in pursuing discovery," including counsel for Plaintiff's efforts to schedule the deposition of Defendants' representative pursuant to Fed. R. Civ. P. 30(b)(6), demonstrate good cause to reopen nonexpert discovery for the limited purpose of taking the Rule 30(b)(6) deposition.  However, Plaintiff's representations do not establish good cause to reopen discovery to take the deposition of the two other non-party witnesses (Ms. Esparza and Mr. Sanchez).  Plaintiff fails to demonstrate diligence in arranging, scheduling, and noticing depositions as to these witnesses, and despite Plaintiff's representation she "intended to depose the [Rule 30(b)(6) witness] and [the] two additional witnesses," (Doc. 30-1 at 6), there is no information before the Court as to whether any notices of deposition for these additional witnesses ever were served.

This is not a case, for instance, where Plaintiff diligently undertook discovery and learned through those efforts of new witnesses or theories of liability that might warrant the Court's consideration of a timely request to expand discovery to permit the parties to further explore such newly learned subjects.  To the contrary, Plaintiff seeks to reopen nonexpert discovery to depose two nonparty witnesses who were well known and whose relationships to Plaintiff's claims were

3

clear to Plaintiff even before she commenced the action in state court.  The first witness, Ashley Esparza, was the HR representative to whom Plaintiff disclosed her pregnancy and, thus, is (according to Plaintiff) an "essential" witness to the events upon which Plaintiff's discrimination claims are based.  Martin Sanchez, the second witness, was Plaintiff's supervisor and, according to Plaintiff, "is expected to have personal knowledge of Plaintiff's job performance, attendance and use of sick time, the duties she performed," among other relevant subjects.  Plaintiff offers no meritorious explanation why she was unable to depose these witnesses while nonexpert discovery was open or why she waited until three weeks after nonexpert discovery closed before seeking relief of Court.  *See Jerpe v. Aerospatiale*, No. CIV. S-03-555 LKK/DAD, 2007 WL 781977, at *2 (E.D. Cal. Mar. 13, 2007) ("plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence" under E.D. Cal. Local Rule 144).

Therefore, the Court will grant an extension of the nonexpert discovery deadline by 45 days to May 25, 2026, for the limited purpose of permitting Plaintiff to depose Defendants' Rule 30(b)(6) witness, and deny Plaintiff's request for an extension of the non-expert discovery deadline for any other purpose.  *E.g., Macias v. Perez*, No. 10cv973-MMA (BGS), 2011 WL 13356091, at *3 (S.D. Cal. June 3, 2011) (denying motion to reopen discovery to permit the taking of depositions; reasoning "Plaintiffs have known about all of these witnesses for months, if not years. Nothing impeded Plaintiffs ability to schedule these depositions before the discovery deadline. Because Plaintiffs have not shown due diligence with respect to conducting discovery and with respect to these discovery requests in particular, good cause does not exist to extend the discovery deadline to allow Plaintiffs to take additional depositions.").

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motion to reopen nonexpert discovery (Doc. 30) is GRANTED in part for the limited purpose of permitting Plaintiff to depose Defendants' Rule 30(b)(6) witness;

2.  The nonexpert discovery deadline of the scheduling order (Doc. 25) is CONTINUED to May 25, 2026, for the limited purpose of permitting Plaintiff to depose Defendants'

Rule 30(b)(6) witness; and

3. Plaintiff's motion to reopen discovery for any other purpose (Doc. 30) is DENIED.

IT IS SO ORDERED.

Dated:    **May 13, 2026**

UNITED STATES MAGISTRATE JUDGE

5